### PELHAM v. SMITH.

LUMPKIN, J. 1. An owner of land made a deed to a part of it, containing the following description: "All that tract or parcel of land lying, situate, and being in the 8th land district of said county of Colquitt, in said State of Georgia, and known and distinguished in the plan of said district as a part of land lot number eighty-five (85), the tract of land herein conveyed described by dimensions and bounded as follows: Commencing at a point 558 feet from the corner of land lots 85, 86, 53, and 54, and running east along the land line between 85 and 54 to a stake, the commencing point of this land, and thence east 1,800 feet along said last-mentioned land line to a corner, thence south from said corner 1,800 feet, thence west 1,260 feet to a stake or corner, thence north thirty degrees east to place of commencing, containing 64 acres." In an action of ejectment, the controlling question was whether this deed conveyed land only on the east side of a public road, or whether it also included a small triangular strip on the west side of such road. The plaintiff testified: that he bargained and sold the land only on the east side of the road, showed the defendant, who was his grantee, where the lines would run and about how many acres there would be, and with the consent of the defendant had a surveyor to survey the land along the east side of the road and fix the corner, though the defendant was absent when the survey was made; that the southern line of the tract was not measured, but stepped, and that the defendant remained satis-

fied for about a year and a half, and then told the plaintiff that the degrees mentioned in the deed would cut him (the defendant) off from the public road; that the plaintiff procured the county surveyor, and with the help of the defendant measured the land and fixed the southwest corner on the east side of the public road, and the defendant agreed thereto and drove a stob there. The evidence of the surveyor was also introduced to show: that if the southern line described in the deed were measured as 1,260 feet, it would extend across the road, but in that event the west line would not run at an angle of 30 degrees; that the two descriptions were inconsistent, and both could not stand; and and that to stop the south line on the east side of the public road would make the last line correspond with the degrees mentioned, and make the tract contain about 57 acres on the east side of the road. *Held,* that the verdict in favor of the plaintiff was supported by the evidence.

2. The description in the deed was so ambiguous and conflicting that there was no error in admitting the evidence of the plaintiff that "defendant's land was put on the east side of the road, and [he] was satisfied [until] in January, 1906, when defendant told plaintiff that the degrees mentioned in this deed would cut defendant off from the public road, and that plaintiff told the defendant that he would get the county surveyor, J. S. Robinson, and come and run the degrees in said deed to fix his land on the east side of said public road." This evidence was admissible, in connection with the further evidence that the survey was made, the defendant took part in it, fixed and agreed upon the corner, and drove a stob there, and afterwards obtained permission of the plaintiff to get firewood from the strip west of the public road, which is now in dispute.

 *Judgment affirmed. Beck, J., absent. The other Justices concur.*
     OCTOBER 12, 1911.

Ejectment.  Before Judge Merrill.  Colquitt superior court. December 30, 1910.

*J. D. McKenzie,* for plaintiff in error.
*Shipp & Kline* and *J. H. Tipton,* contra.